IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| GALE HAYES, Register No. 16896, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4131-CV-C-SOW |
| | ) | |
| LT. WALLING, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Gale Hayes, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff filed this lawsuit against defendant Lt. Walling on the grounds that on or about February 21, 2003, defendant used excessive force on plaintiff by spraying him in the face with mace. Defendant filed a motion for summary judgment, to which plaintiff has not responded.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex,

477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

The undisputed facts are as follows: 1) a riot was occurring in the yard at Missouri State Penitentiary on February 21, 2003, at approximately 10:25 a.m., involving a substantial number of inmates; 2) defendant ordered plaintiff to leave the area and plaintiff refused; 3) when plaintiff pulled away from defendant, defendant sprayed plaintiff with a burst of pepper spray; and 4) plaintiff was wearing glasses at the time he was sprayed and received immediate medical attention to wash off the mace.

In order for plaintiff to make a claim of excessive use of force, as a convicted prisoner, he must show that the force was excessive and applied maliciously and sadistically for the very purpose of causing harm, and not in a good faith effort to achieve a legitimate purpose. Howard v. Barnett, 21 F.3d 868 (8th Cir. 1994).

Lt. Walling was entitled to use reasonable force upon Mr. Hayes to get him to leave the area where the riot was taking place. The only evidence in this case is that the force was being used to achieve a legitimate purpose and there is no evidence it was applied wantonly for the very purpose of causing harm. See 8th Cir. Civil Jury Instr. 4.30 (2005). This was clearly a matter of institutional security and there is no basis on which any jury could find that the force was either excessive or applied maliciously and sadistically for the very purpose of causing harm.

2

In light of the foregoing, plaintiff's motions for injunctive relief and for an order of transfer should be denied. Plaintiff's motions to supplement his complaint should also be denied because they were filed untimely, after defendant had already filed his motion for summary judgment.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motions for injunctive relief, for a transfer and for leave to file supplemental complaints be denied [35, 37, 38, 39]. It is further

RECOMMENDED that defendant Walling's motion for summary judgment be granted and plaintiff's claims be dismissed [34].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 31st day of January, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge